This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, David Gunter, appeals from the decision of the Lorain County of Common Pleas, which granted Appellees, Deborah Phillips ("Phillips") and Rebecca Rhodes ("Rhodes"), civil protection orders. We affirm.
 {¶ 2} In July of 2002, Appellees each filed petitions for civil protection orders against Appellant. Temporary orders were granted on an ex parte basis. Thereafter, a hearing was held before a magistrate on July 30, 2002 and the magistrate recommended orders protecting Appellees until July 11, 2007. Appellant entered timely objections. After a hearing on the objections, the court adopted the magistrate's decision and issued civil protection orders. Appellant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR "The trial court['s] conclusion that [Appellant] committed acts of domestic violence was against the manifest weight of the evidence because there was no evidence of a pattern of conduct which could reasonably cause Appellee[s] to conclude that [Appellant] was stalking [Appellees]."
 {¶ 3} Appellant maintains that the trial court's granting of the civil protection orders was against the weight of the evidence. We disagree.
 {¶ 4} Civil protection orders are governed by R.C. 3113.31. Before issuing a civil protection order, the trial court must conclude that the petitioner has shown, through a preponderance of the evidence, that he or she is in danger of domestic violence. Lavery v. Lavery, 9th Dist. No. 20616, 2001-Ohio-1874, at 3, quoting Felton v. Felton (1997),79 Ohio St.3d 34, paragraph two of the syllabus. See, also, Gatt v.Gatt, 9th Dist. No. 3217-M, 2002-Ohio-1749, at 2. "Domestic violence" includes "[a]ttempting to cause or recklessly causing bodily injury" and "[p]lacing another person by the threat of force in fear of imminent serious physical harm[.]" R.C. 3113.31(A)(1)(a) and (b). Threats of violence will constitute "domestic violence" if the fear resulting from those threats is reasonable. Conkle v. Wolfe (1998), 131 Ohio App.3d 375,383. See, also, Gatt, supra, at 2; Lavery, supra, at 4. Reasonableness is determined by referencing the petitioner's history with the respondent.See Eichenberger v. Eichenberger (1992), 82 Ohio App.3d 809, 816. See, also, Lavery, supra, at 4.
 {¶ 5} An appellate court reviews the granting of a civil protection order under the competent, credible evidence standard. Gatt, supra, at 2, citing C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus. A trial court's judgment will not be reversed if it is "supported by some competent, credible evidence going to all the essential elements of the case[.]" Gatt, supra, at 2, quotingC.E. Morris Co., 54 Ohio St.2d 279 at syllabus. In the present case, the court adopted the magistrate's finding that Appellant had stalked Appellees, causing them to fear for their safety. "Stalking" is defined in R.C. 2903.21.1(A) as "engaging in a pattern of conduct [that] knowingly cause[s] another to believe that the offender will cause physical harm *** or *** mental distress to the other[.]"
 {¶ 6} At the hearing, both Rhodes, Defendant's daughter, and Phillips, Defendant's ex-wife, testified. Rhodes asserted that she desired a civil protection order ("CPO") in order to prevent Appellant from harassing her and her children. She stated that Appellant always seemed to be "right there" behind her every time she turned around. Rhodes indicated that she was "scared of [her] life" because Appellant had threatened to kill her. Rhodes testified that she feels Appellant is stalking her. Lastly, she recalled Appellant trying to "run [her] off the road" and she explained that she does not want herself or her children to be harmed.
 {¶ 7} Similarly, Phillips testified that she was "tired of being stalked [and] tired of all the harassment" by Appellant. Phillips indicated that Appellant was recently released from prison and would not leave her family alone. Phillips stated that she is an assistant manager at her place of employment and is responsible for taking deposits to the bank at night. On May 22, 2002, as Phillips and a fellow employee were driving a work deposit to the bank, Appellant was following her in another vehicle. Phillips asserted that Appellant and his girlfriend were "cutting her off and not letting her behind, and *** kept speeding up." As a result of these types of incidents, another employee accompanies Phillips to the bank every night. She also recalled an incident in June when Rhodes brought her children to Phillips' place of work to visit. As Rhodes was walking through the parking lot, Appellant and his girlfriend began shouting obscenities at her. An altercation ensued and Rhodes was driven away in an ambulance.
 {¶ 8} Additionally, Phillips recounted her past dealings with Appellant. In 1999, Appellant came to her home and "pulled a knife out on [her] son[.]" That same year, Phillips was "beat up[,]" while using a pay phone at a convenience store, by two men. Phillips testified that while the men were assaulting her, one exclaimed "[t]his is from [Appellant]."
 {¶ 9} Jason Smith ("Smith"), Phillips' boyfriend, also offered his testimony. Smith recalled seeing Appellant drive past his house roughly fifteen to twenty times. He also heard Appellant remark "If [he] can't have [Phillips], nobody is going to be happy with her."
 {¶ 10} Lastly, Appellant, and his girlfriend, Mary Brannon ("Brannon"), offered conflicting testimony. Brannon maintained that Appellant was not in the car with her on May 22, 2002, as Phillips testified. Appellant stated that he never threatened to kill his daughter, Rhodes.
 {¶ 11} After reviewing the record, this Court finds that the granting of the civil protection orders was supported by competent and credible evidence. Appellees demonstrated a danger of domestic violence by showing that Appellant's threats and actions placed them in fear of imminent serious physical harm. Their fears are deemed reasonable upon review of the history between Appellant, Rhodes, and Phillips. Thus, the trial court could correctly conclude that a CPO was appropriate as Appellant's actions caused Appellees to reasonably fear imminent serious physical harm. Accordingly, Appellant's sole assignment of error is overruled.
 {¶ 12} Appellant's assignment of error is overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
BAIRD, J. and CARR, J. CONCUR.